# MERRIMACK,

## JULY TERM, 1849.

## ATKINS *v.* COLBY.

The seller of goods may stop them *in transitu*, upon the insolvency of the buyer, whether a credit have been given or not, if the whole price have not been paid.

Goods sold are considered *in transitu* as regards that right, until actually delivered to the buyer, or brought to some place appointed by him as their final destination, and not merely as a stage in their progress to such destination.

REPLEVIN, of certain goods specified in the plaintiffs' writ, claimed by them as their property, but attached by the defendant, a constable of Concord, as the property of one Nathaniel C. Bacon, of Barre, Vt., on sundry writs against him.

The plaintiffs, merchants in Boston, sold these goods on account, to said Bacon, April 26, 1847. They were packed by the plaintiffs, directed to said Bacon, at Barre, Vt., and by them delivered, in accordance with said Bacon's order, at the depot in Boston, to be forwarded over the railroad to Concord, and from thence by such conveyances as he might provide, to said Bacon, at Barre aforesaid; the truckage to the depot in Boston was charged by the plaintiffs against said Bacon, and the freight from thence was at his own expense. Said Bacon failing, these goods were attached by the defendant as aforesaid, at the freight depot in Concord, May 10, 1847. Shortly after said attachment, said Bacon having failed and become insolvent, as aforesaid, the plaintiffs demanded the goods of the defendant, claiming the right to stop them *in transitu,* they not having received any pay or security therefor; the defendant refused to deliver them up, and they were replevied by this suit.

The plaintiffs had not received any pay for the goods, and they had never been delivered to said Bacon, or come into his possession actually, or otherwise, except as above stated, by the forwarding of the same to the depot in Boston, agreeably to the directions of said Bacon, and the attachment of the same by the defendant at Concord, as aforesaid.

It was agreed that the case be submitted, on the foregoing facts, to the decision of the Superior Court, and judgment to be as the court may order.

It was understood, however, that if, in the opinion of the court, it may be material whether the goods were sold by the plaintiffs to Bacon, without time of payment, or on time, the same shall be for trial in the Court of Common Pleas.

*Pierce & Minot*, for the plaintiffs.

*Perley, Fowler* and *Hutchins*, for the defendant.

GILCHRIST, C. J. The right of stoppage *in transitu*, is the right which one has who has sold goods on credit, in case of the insolvency of the vendee, to stop them on their passage before they come into the hands of the vendee. 2 Kent's Com. 540.

It is nothing more than the extension of the right of lien, which by the common law the vendor has upon goods for the price, originally allowed in equity, and subsequently adopted as a rule of law. *Shaw*, C. J., *Rowley* v. *Bigelow*, 12 Pick. 313; *Hodgson* v. *Loy*, 7 T. R. 440; *Tucker* v. *Humphrey*, 1 M. & P. 392.

Goods are *in transitu*, and as such reclaimable by the vendor, if only in the hands of a middleman as a packer. *Ellis* v. *Hunt*, 3 T. R. 467. Or a warehouseman or forwarding agent. *Nichells* v. *LeFeavre*, 2 Bing. N. C. 81.

They cannot be said to have arrived at their final destination, so as to defeat the vendor's right of stoppage, while

they remain in the hands of the wharfinger or carrier, in that character, provided he be not the actual agent of the consignee beyond his duty as a mere wharfinger or carrier. *Bartram* v. *Farebrother*, 1 M. & Payne 526; *Jackson* v. *Nichol*, 5 Bing. N. C. 508.

The railroad agent at the depot had no authority to deliver the goods to Bacon. He had authority only to transport them to Concord; there they were to be forwarded to Bacon by such conveyances as he might furnish. In whose possession were they at Concord, if they had reached that place before Bacon had provided any conveyances from thence? They would not have been *actually delivered* to Bacon.

In such cases, the question is whether the goods have arrived at their final destination, or are still *in transitu.*

In general, the *transitu* continues until the goods reach the place *originally* named by the vendee to the vendor, as the ultimate destination of the goods, and have come to the actual or constructive possession of the vendee. *Jackson* v. *Nichol*, 5 New Cases 516.

The right of stoppage *in transitu* is sufficiently exercised by a mere claim by the vendor, though no actual possession be taken. *Mills* v. *Ball*, 2 B. & P. 457.

The case of *Williams* v. *Moore*, 5 N. H. 235, goes on the ground that the carrier was the agent of the plaintiff and not of the purchaser; and, consequently, they could give no assent to the attachment, and the carrier had no authority to deliver the goods to them.

This case settles that it is unnecessary to inquire whether the goods were sold on time or not. The vendor had a lien for the price, a right to retain them until it was paid, and a right of stoppage *in transitu*, on the failure of the vendees.

In conformity, therefore, with the agreement of the parties, there must be

*Judgment for the plaintiffs.*